**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**COBBLER NEVADA, LLC,**

**Plaintiff,**

**v.** **Case No. 8:15-cv-2653-T-27TBM**

**BRANE JOKIC,**

**Defendant.**
**__________________________________/**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court for a report and recommendation on **Plaintiff's Motion for Entry of Default Final Judgment and Permanent Injunction Against Defendant Brane Jokic** (Doc. 13). A hearing on the Motion was conducted on May 24, 2016. For the reasons set forth herein, I recommend that the Motion be **GRANTED in part**.

**I.**

***Factual and Procedural History***

Plaintiff holds the copyright registration for the motion picture titled "The Cobbler" (the "Movie"), and, therefore, holds all right, title, and interest in the copyright for the Movie. (Doc. 8, ¶¶ 21-24 and Ex. A). On November 12, 2015, Plaintiff brought suit against Defendant - whose true identity was unknown at the time - asserting claims for copyright infringement and contributory copyright infringement. Plaintiff alleged that Defendant acted in a collective and interdependent manner via the Internet to unlawfully reproduce and distribute the Movie by means of an interactive "peer-to peer" file transfer technology

protocol called BitTorrent. (Doc. 1 at 2, ¶ 6). On December 2, 2015, Plaintiff sought leave to serve a nonparty subpoena on Defendant's internet service provider to discover Defendant's true identity, which the Court granted. (Docs. 6-7).

On February 18, 2016, after discovering Defendant's identity, Plaintiff filed an Amended Complaint. (Doc. 8). According to the allegations, Defendant "initiated his infringing conduct by first intentionally logging into one of many BitTorrent client repositories known for their large index of copyrighted movies . . . [and] intentionally obtain[ing] the torrent file at issue . . . for Plaintiff's [Movie] from the index and intentionally load[ing] that torrent file into a computer program designed to read such files." *Id.* at ¶ 11. Once loaded, Defendant's "BitTorrent program used the BitTorrent protocol to initiate simultaneous connections with hundreds of other users processing and 'sharing' copies of the [Movie] . . ." *Id.* at ¶ 13. Through this process (called a "swarm"), the Movie was copied to Defendant's computer and then was available immediately to other users wanting the Movie without degradation in sound or picture quality. *Id.* at ¶¶ 13-14. On October 3, 2015, Plaintiff's investigator recorded Defendant publishing the Movie via BitTorrent and downloaded the Movie from Defendant's computer. *Id.* at ¶ 10.

In light of these allegations, Plaintiff contends that Defendant's actions resulted in the unlawful reproduction and distribution of the Movie. *Id.* at ¶¶ 6, 30. As such, Plaintiff asserts that Defendant is liable for copyright infringement (Count I) and contributory copyright infringement (Count II). *Id.* at ¶¶ 31-44. Plaintiff further asserts that Defendant's acts of infringement were "willful, intentional, and in disregard of, and with indifference to"

its rights in the Movie. *Id.* at ¶¶ 36, 42. Given Defendant's willful and intentional infringement, Plaintiff requests Defendant be permanently enjoined as follows:

> [F]rom directly or indirectly infringing Plaintiff's rights in the copyrighted [Movie], including without limitation by using the Internet to reproduce or copy Plaintiff's [Movie], to distribute Plaintiff's [Movie], or to make Plaintiff's [Movie] available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Defendant also shall destroy all copies of Plaintiff's [Movie] that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of the downloaded [Movie] transferred onto any physical medium or device in Defendant's possession, custody, or control[.]

*Id.* at 8, 11. Plaintiff also requests an award of statutory damages, pursuant to 17 U.S.C. § 504(c), and attorneys' fees and costs.[1] *Id.*

On February 26, 2016, Defendant was served with the Summons and Amended Complaint via substitute service on his wife at their home. (Doc. 10). Defendant has not filed an answer or otherwise appeared in this case. On March 29, 2016, Plaintiff moved for entry of default based on Defendant's failure to file a response to the Amended Complaint, and the Clerk entered default against the Defendant the next day. (Docs. 10-11).

On April 28, 2016, Plaintiff filed its Motion for Entry of Final Default Judgment and Permanent Injunction Against Defendant Brane Jokic. (Doc. 13). Plaintiff maintains the allegations in the Amended Complaint demonstrate that it is entitled to default judgment against Defendant on Counts I and II. *Id.* at 6-9. Accordingly, Plaintiff requests the Court to

[1]Counsel advised at the hearing that Plaintiff seeks statutory damages, not actual damages.

enter default judgment against Defendant, permanently enjoin Defendant as described in the Amended Complaint, award it $150,000.00 in statutory damages pursuant to 17 U.S.C. § 504(c), and award it $1,300.00 in attorneys' fees and $487.00 in costs.[2] *Id.* at 2, 9-12.

**II.**

***Legal Standard***

The requirements for entry of a [final] default judgment are set forth in Federal Rule of Civil Procedure 55. A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986). Before entering a default judgment, the court must ensure that the complaint adequately states a claim for which relief may be granted.[3] *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975);[4] *GMAC Commercial Mortg. Corp.*

---

[2]Plaintiff sought attorneys' fees in the amount of $1,300.00, but counsel advised at the hearing that he was seeking an additional $1,000.00 for fees incurred in connection with the hearing.

[3]Additionally, "[w]hen entry of judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (quoting *Williams v. Life Savings & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986); *see Rash v. Rash*, 173 F.3d 1376, 1381 (11th Cir. 1999) (providing court must address personal jurisdiction because a default judgment is only valid when the court has personal jurisdiction over the defendant); *Mwani v. bin Laden*, 417 F.3d 1, 6 (D.C. Cir. 2006); *Romero v. All Stars Direct Servs., LLC*, Case No. 6:08-cv-257-Orl-18DAB, 2008 WL 2686751, at *1 (M.D. Fla. June 27, 2008). The court may make this inquiry *sua sponte*. *Sys. Pipe & Supply, Inc.*, 242 F.3d at 324.

[4]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*v. Maitland Hotel Assocs*., 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (citations omitted). By the entry of default, a defendant is deemed to have admitted the plaintiff's well-pleaded allegations of fact. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quotation and citation omitted). The court must also consider whether an evidentiary hearing on damages is warranted. *See* Fed. R. Civ. P. 55(b)(2)(B) (stating court may conduct hearing to determine amount of damages); *SEC v. Smyth*, 420 F.3d 1225, 1231-32 (11th Cir. 2005) (providing that an evidentiary hearing should be conducted if the amount of damages sought is not a liquidated sum or one capable of mathematic calculation but a hearing is not necessary where all essential evidence is already of record).

Each of these considerations, i.e., jurisdiction, liability, and damages, is addressed in turn.

**III.**

**A.**

***Jurisdiction***

The Court has subject matter jurisdiction over this action. Federal district courts have original jurisdiction over civil actions arising under federal copyright law. 28 U.S.C. § 1338. "[A]n action 'arises under' the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act, e.g., a suit for infringement . . .." *MCA Television Ltd. v. Pub. Interest Corp*., 171 F.3d 1265, 1269-70 (11th Cir. 1999) (quotation omitted). Here, in its Amended Complaint, Plaintiff alleges two claims of copyright infringement and seeks an injunction and damages, pursuant to the Copyright Act. (Doc. 8). As such, this action arises

under the Copyright Act and this Court has subject matter jurisdiction. *See MCA Television Ltd.*, 171 F.3d at 1269-70.

This Court also has personal jurisdiction over Defendant. As alleged by Plaintiff, Defendant was served in accordance with § 48.031(1)(a), Florida Statutes, because his wife was served with the Summons and Amended Complaint at his usual place of abode and advised of the contents of the documents served on February 26, 2016. (Doc. 13 at 3). The process server's declaration supports the same. (Doc. 10). As such, service of process on Defendant was effective. *See Romero*, 2008 WL 2686751, at *1 (providing that service of process must be good for a court to have personal jurisdiction over a defendant) (citation omitted). Additionally, in the Amended Complaint, Plaintiff alleges that this Court has personal jurisdiction because Defendant is a resident of Pinellas County, Florida; Defendant resides in this judicial district; and Defendant committed acts of copyright infringement and contributory copyright infringement within this judicial district. (Doc. 8, ¶¶ 2, 4-5). Plaintiff sufficiently pleads personal jurisdiction such that the Court may exercise jurisdiction over Defendant. *See Milliken v. Meyer*, 311 U.S. 457, 462 (1940) (providing that "[d]omicile in the state is alone sufficient to bring a[ ] . . . defendant within the reach of the state's jurisdiction for purposes of a personal judgment by means of appropriate substituted service"); *Haueter-Herranz v. Romero*, 975 So.2d 511, 516 (Fla. Dist. Ct. App. 2008) (providing that residents of Florida are subject to jurisdiction by Florida courts).

**B.**

***Liability for Copyright Infringement***

The allegations set forth in Plaintiff's Amended Complaint adequately state a claim of copyright infringement. To establish a prima facie case of copyright infringement, Plaintiff must prove: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (citation omitted). To satisfy the first element, Plaintiff "must prove that the work . . . is original and that [Plaintiff] complied with applicable statutory formalities." *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996) (quotation omitted). In a judicial proceeding, a "certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." *Id.* (quoting 17 U.S.C. § 410(c)).

To satisfy the second element, Plaintiff must prove that the "alleged infringer actually copied Plaintiff's copyrighted material." *Latimer v. Roaring Toyz, Inc*., 601 F.3d 1224, 1233 (11th Cir. 2010) (citing 17 U.S.C. § 501). However, factual proof of copying is only part of satisfying the second element. *Id.* (quotation omitted). Plaintiff "must also respond to any proof advanced by the defendant [signifying] that the portion of the work actually taken does not satisfy the constitutional requirement of originality[.]" *Id.* (citations omitted). If Plaintiff "survives a challenge to the originality requirement, [it] must also prove that 'the copying of copyrighted material was so extensive that it rendered the offending and copyrighted works substantially similar.'" *Id.* (quotation omitted).

As for the first element, Plaintiff alleges that it holds the copyright registration for the Movie. The copyright registration, which has an effective date of October 19, 2014, is attached to the Amended Complaint and states that the Movie was first published in 2014. (Doc. 8, Ex. A). Since the effective date of the copyright registration is "before or within five years after first publication of the work," the copyright registration constitutes "prima facie evidence of the validity of the copyright and the facts stated in the certificate." 17 U.S.C. § 410(c). Accepting these well-pled allegations as true, the undersigned finds that Plaintiff has satisfied the first element necessary to prove copyright infringement.

As for the second element, Plaintiff alleges Defendant copied the Movie, which contains "wholly original material," through a peer-to-peer network called BitTorrent. (Doc. 8, ¶¶ 11, 13, 22). Plaintiff further alleges that each time Defendant distributed a copy of the Movie from his computer via BitTorrent, the recipient was able to distribute that copy to others without degradation in sound or picture quality. *Id.* at ¶¶ 13-16. Accepting these well-pled allegations as true, the undersigned finds Plaintiff has satisfied the second element necessary to prove copyright infringement by establishing that Defendant copied the Movie, which contained original material, to the extent "that it rendered the offending and copyrighted works substantially similar." *Latimer*, 601 F.3d at 1233 (quotation omitted).

Accordingly, it is RECOMMENDED the Court find Defendant is liable for copyright infringement.

**C.**

***Liability for Contributory Copyright Infringement***

The allegations set forth in Plaintiff's Amended Complaint adequately state a claim of contributory copyright infringement. Contributory copyright infringement is committed by intentionally inducing or encouraging direct infringement. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) (citation omitted); *see Casella v. Morris*, 820 F.2d 362, 365 (11th Cir. 1987) (stating "the test for contributory infringement has been formulated as 'one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another.'") (quotation omitted).

As discussed above, Plaintiff alleges Defendant copied the Movie through a peer-to-peer network called BitTorrent. (Doc. 8 at ¶¶ 11, 13, 28). Plaintiff alleges that once the Movie was copied onto Defendant's computer, the "BitTorrent program used the BitTorrent protocol to initiate simultaneous connections with hundreds of other users possessing and 'sharing' copies of the [Movie]." *Id.* at ¶¶ 13, 40. Plaintiff alleges that through this process, the Movie, or portions thereof, was made available on Defendant's computer for other BitTorrent users seeking to obtain the Movie and copy it without degradation in sound or picture quality. *Id.* at ¶¶ 13-16, 41. Accepting these well-pled allegations as true, the undersigned finds Defendant had sufficient knowledge of his infringing activity as well as the infringing conduct of others who received copies of the Movie from him to be held liable for contributory copyright infringement.

Accordingly, it is RECOMMENDED the Court find Defendant is liable for contributory copyright infringement.

**D.**

***Damages***

The Copyright Act allows a copyright owner to recover statutory damages for an infringement. Here, Plaintiff seeks statutory damages of $150,000.00.

In awarding statutory damages under the Copyright Act, for each work infringed by any one infringer that is liable individually, or for which any two or more infringers are liable jointly and severally, the court generally may award not less than $750.00 or more than $30,000.00, "as the court considers just." 17 U.S.C. § 504(c)(1). The court, however, may increase the statutory damages to as much as $150,000.00 per work infringed where the copyright owner sustains the burden of proving the infringement was committed willfully. *Id.* at § 504(c)(2). The court has wide discretion to set an amount of statutory damages. *Cable/Home Commc'n Corp. v. Network Prod. Inc.*, 902 F.2d 829, 852 (11th Cir. 1990). In exercising discretion, courts in this district have considered the following factors: (1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the copyright; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant. *Bait Prods. Pty Ltd. v. Murray*, Case No. 8:13-cv-169-T-33AEP, 2013 WL 4506408, at *5 (M.D. Fla. Aug. 23, 2013) (quoting *Rolex Watch U.S.A., Inc. v. Lynch*, Case No. 2:12-cv-542-FtM-38, 2013 WL 2897939, at *5 (M.D. Fla. June 12, 2013)).

According to the allegations in the Amended Complaint, Plaintiff contends that Defendant's acts of infringement were "willful, intentional, and in disregard of and with indifference" to its rights in the Movie. (Doc. 8, ¶¶ 36, 42). Based on Plaintiff's well-pled facts, the Court may infer Defendant willfully infringed Plaintiff's copyright of the Movie. *See, e.g., Arista Records, Inc. v. Beker Enters.,* 298 F. Supp. 2d 1310, 1313 (S.D. Fla. 2003) (inferring that the alleged infringement was willful, as a result of defendant's default, based on allegations of willfulness in plaintiff's complaint). A finding of willful infringement justifies an award of heightened damages and attorney's fees. *Chanel, Inc. v. Italian Activewear of Fla. Inc.*, 931 F.2d 1472, 1476 (11th Cir. 1991) (trademark context); *Macklin v. Mueck*, Case No. 00-10492-CIV, 2005 WL 1529259, at *1 (S.D. Fla. Jan. 28, 2005) (increasing an award to that of maximum statutory damages where copyright infringement was willful). However, "[s]tatutory damages are not intended to provide a plaintiff with a windfall recovery; they should bear some relationship to the actual damages suffered." *Clever Covers, Inc. v. Sw. Fla. Storm Def., LLC*, 554 F. Supp. 2d 1303, 1313 (M.D. Fla. 2008) (quotation omitted).

Here, Plaintiff has not provided any evidence of lost sales, profits, or licensing fees as a result of infringement or the value of the copyright to assist the Court in determining the appropriate amount of statutory damages to award. The absence of such evidence weighs against a finding that Plaintiff is entitled to the maximum statutory damage award. While Plaintiff demonstrates that Defendant acted willfully, an amount less than the statutory maximum should nonetheless have a sufficient deterrent effect on Defendant and other individuals who become aware of the Court's decision in this case. Plaintiff has provided no

legal authority in support of imposing the maximum statutory damage award against Defendant. In light of the foregoing, the undersigned finds that an award of $15,000.00 in statutory damages strikes an appropriate balance between compensating Plaintiff for its lost profits without providing it a windfall and deterring Defendant and others from further willful infringement activity.[5]

Accordingly, it is RECOMMENDED the Court award Plaintiff $15,000.00 in statutory damages.

**E.**

***Permanent Injunctive Relief***

Plaintiff also seeks to permanently enjoin Defendant from further infringement of the Movie, including the destruction of all copies of the Movie he currently has in his possession, custody, or control. A court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). To obtain a permanent injunction, Plaintiff must demonstrate: "(1) it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between [Plaintiff] and Defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved

---

[5]In addressing similar cases, many courts in this district have awarded $6,000 in statutory damages despite the plaintiff's request for the maximum amount of statutory damages. *See TCYK, LLC v. Martin*, Case No. 8:14-cv-87-T-27TBM, 2014 WL 6978149, at *2 (M.D. Fla. Dec. 9, 2014) (collecting cases). Here, however, the higher amount appears more appropriate given the willful nature of the infringement and the need for deterrence. *See Murray*, 2013 WL 4506408, at *7 (awarding $25,000.00 in statutory damages in BitTorrent copyright infringement case).

by a permanent injunction." *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1208 (11th Cir. 2008) (citing *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)).

Although Plaintiff does not argue in its Motion why a permanent injunction should be entered, the well-pled allegations of the Amended Complaint establish each of the necessary elements. In particular, the allegations establish that by virtue of Defendant's use of BitTorrent to obtain an unlawful copy of the Movie, countless other BitTorrent users are able to unlawfully obtain a copy of the Movie, or portions thereof, from Defendant's computer without degradation in sound or picture quality. (Doc. 8, ¶¶ 14, 16, 19). Although Plaintiff has presented no evidence of actual damages, the seemingly unknowable extent of Defendant's infringement renders other remedies at law, such as monetary damages, inadequate to compensate Plaintiff for injuries it has sustained or may sustain in the future due to Defendant's infringement. As for balancing the hardships likely to result from the permanent injunction requested by Plaintiff, the likelihood that Defendant may suffer any hardship if permanently enjoined from further infringement is minuscule, if not non-existent. On the other hand, Plaintiff will certainly continue to suffer damages, such as lost revenue from the sale of the Movie, if Defendant is not enjoined as requested. Finally, there is no indication that the public interest would be adversely affected if Defendant is enjoined from infringing Plaintiff's copyright in the Movie.

For these reasons, it is RECOMMENDED the Court enter a permanent injunction against Defendant consistent with the terms requested by Plaintiff in the Amended Complaint and Motion.

**F.**

***Attorney's Fees and Costs***

In its Amended Complaint, Plaintiff sought attorney's fees and costs, and Plaintiff seeks the same in its Motion. Specifically, Plaintiff seeks $2,300.00 in attorney's fees ($1,300.00 as set forth in the Motion and $1,000.00 for fees incurred in connection with the hearing) and $487.00 in costs. (Doc. 13 at 11 and Ex. A).

Under the Copyright Act, the court has discretion to award costs, including reasonable attorney's fees, to the prevailing party. 17 U.S.C. § 505; *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). The Copyright Act seeks to stimulate artistic creativity for the general public good and discourage infringement. *Fogerty*, 510 U.S. at 526-27. Awarding attorney's fees addresses these goals because it enables people to vindicate or defend their rights where it would otherwise be uneconomical to do so. *Id.* at 529. In deciding whether to award attorney fees under the Copyright Act, the court may consider the following nonexclusive factors: frivolousness; motivation; objective unreasonableness; and the need in particular circumstances to advance considerations of compensation and deterrence. *Id.* at 534, n.19 (quotation omitted); *MiTek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 842 (11th Cir. 1999). After deciding that an award of fees is appropriate, the court then must determine what constitutes reasonable fees. Fees and costs of suit are commonly awarded by courts in copyright infringement default cases. *Arista Records, Inc.*, 298 F. Supp. 2d at 1316.

Plaintiff submits the declaration of its counsel, Richard E. Fee. According to counsel, he spent a total of 0.2 hours performing legal services for Plaintiff in the prosecution of this case at a rate of $425.00 per hour, and his co-counsel, Catherine Yant, spent a total of

5.4 hours performing the same at a rate of $225.00 per hour, for a total of $1,300.00 in fees. (Doc. 13-1 at 2, ¶ 8). In addition, at the hearing on damages, counsel requested an additional $1,000.00 in attorney's fees to reflect the additional time he and attorney Yant spent in preparing for the hearing. Plaintiff also seeks to recoup $487.00 in costs to bring this action against Defendant, which includes $400.00 for the filing fee, $30.00 for subpoenaed information from Bright House Networks, LLC, and $57.00 for a process server fee. *Id.* at 3, ¶ 9.

Upon review of Plaintiff's Motion and accompanying Fee Declaration, I find that the attorney's fees[6] in the amount of $1,950.00 and costs in the amount of $487.00 are reasonable under the circumstances of this case. Accordingly, it is RECOMMENDED that Plaintiff be awarded a total of $2,437.00 in attorney's fees and costs.

---

[6]The hourly rates requested are within the range of fees paid in this market for such work by competent counsel. I have awarded each counsel one additional hour for their preparation and appearance at the hearing.

## IV.

For the reasons set forth above, it is **RECOMMENDED** that **Plaintiff's Motion for Entry of Default Final Judgment and Permanent Injunction Against Defendant Brane Jokic** (Doc. 13) be **GRANTED** to the extent set forth herein and that default judgment be entered in favor of Plaintiff and against Defendant in the total amount of **$17,437.00**. This includes statutory damages of $15,000.00, attorney's fees of $1,950.00, and costs of $487.00. It is **RECOMMENDED** further that the Court enjoin Defendant from further infringement of the Movie as proposed by Plaintiff.

Respectfully submitted on this
1st day of June 2016.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
United States District Judge
Counsel of record
Brane Jokic, 487 86th Ave. North, St. Petersburg, FL 33702